UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KENYSSENSON DUCOSTE,

                Plaintiff,

v.                                          No. 21-cv-11554-DLC

MIKE CHERRY,

                Defendant.

**MEMORANDUM AND ORDER RE:**
**DEFENDANT'S MOTION TO DISMISS (DKT. NO. 34)**

Cabell, U.S.M.J.

      This case arises out of a workplace incident on October 5,
2021 between the plaintiff, Kenyssenson Ducoste, and the
defendant, Mike Cherry ("Cherry"), an officer of the Federal
Protective Service (FPS).  The plaintiff, proceeding *pro se*,
appears to assert claims for assault and battery and "lying on
federal documents" against the defendant.  (Dkt. No. 1).  On
August 4, 2022, the United States filed a notice of substitution
pursuant to the Westfall Act, 28 U.S.C. § 2679, indicating that
the United States was substituting itself for Cherry as the
defendant in this action.  (Dkt. No. 33).  The notice attached a
certification from the United States Attorney that Cherry "was
acting within the scope of his employment with the federal
government at the time of the incident out of which the

Complaint arose." (Dkt. No. 33-1).  The following day, Cherry
filed a motion to dismiss the action pursuant to Federal Rule of
Civil Procedure 12(b)(1).  (Dkt. No. 34).  The plaintiff
responded to the motion on November 14, 2022, consenting to the
dismissal of the action without prejudice.  (Dkt. No. 38, p. 5).
For the following reasons, the motion to dismiss is allowed.

Under the Westfall Act, civil suits against a federal
government employee for injuries (to persons or property)
arising out of a wrongful act or omission of that employee while
acting within the scope of his employment are limited to the
same remedies as suits against the United States directly.  28
U.S.C. § 2679(b)(1).  Further, when the Attorney General
certifies "that the defendant employee was acting within the
scope of his office or employment at the time of the incident
out of which the claim arose," the civil suit is deemed a suit
against the United States, and the United States is substituted
as the defendant.  28 U.S.C. § 2679(d)(1).  Here, the United
States Attorney has made just that certification, making
substitution proper.  Independently, the court is satisfied that
Cherry was acting within the scope of his employment when the
incident occurred.  The complaint is clear that Cherry was on
duty at the John F. Kennedy Federal Building during the
altercation with the plaintiff, who was working as a security

contractor at the same building.  As such, the court agrees that the United States is the proper defendant in this action.

The United States, as a sovereign entity, enjoys sovereign immunity, meaning that it "is immune from suit save as it consents to be sued."  *United States v. Sherwood*, 312 U.S. 564, 586 (1941) (internal citations omitted).  Sovereign immunity is jurisdictional in nature, meaning that the court lacks jurisdiction over a suit against the United States unless the United States has consented to be sued in that court.  *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (internal citations omitted).  There is no such consent absent an unequivocal expression to that effect from Congress.  *United States v. Testan*, 424 U.S. 392, 399 (1976).  As the party seeking to invoke the court's jurisdiction, the plaintiff bears the burden of proving Congress' consent.  *See Johnson v. United States*, 506 F.3d 65, 68 (1st Cir. 2007) ("party advocating jurisdiction must make clear the grounds on which the court may exercise jurisdiction"); *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995) (recognizing plaintiff's burden to establish jurisdiction in case involving sovereign immunity).

Congress has waived the United States' sovereign immunity as to some causes of action sounding in tort through the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346 et seq.  This waiver comes with certain conditions.  One such condition is that

> [a] tort claim against the United States shall be
> forever barred unless it is presented in writing to
> the appropriate Federal agency within two years after
> such claim accrues or unless action is begun within
> six months after the date of mailing, by certified or
> registered mail, of notice of final denial of the
> claim by the agency to which it was presented.

28 U.S.C. § 2401(b).  In other words, Congress withholds its
consent to suit under the FTCA until the claimant presents his
claim in writing to the appropriate Federal agency, which here
would be FPS.  *See Holloway v. United States*, 845 F.3d 487, 489
(1st Cir. 2017).  The plaintiff has not pleaded any facts
suggesting that he presented his claim to FPS.  Indeed, the
plaintiff filed this suit only three days after the dispute
occurred, which strongly suggests that he did not so present his
claim and certainly suggests that he did not receive notice of a
final denial of his claim.[1]  *See* (Dkt. No. 1).  Because the
plaintiff has not established that he presented his claim to FPS,
his suit does not comply with the conditions set forth in the FTCA,
meaning Congress has not consented to his suit.  Accordingly, this
court lacks jurisdiction over the suit.

As previously mentioned, the plaintiff does not contest
dismissal.  He does, however, correctly assert that the dismissal

---

[1] With its memorandum in support of the motion to dismiss, the defendant
submitted a declaration from "an Attorney Advisor for the Federal Protective
Service" stating that FPS had no record of the plaintiff ever presenting a
claim.  (Dkt. No. 35-1).  As this declaration is "outside of the complaint,"
the court will not consider it for purposes of the motion to dismiss.  *See
Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co.*, 267 F.3d 30,
33 (1st Cir. 2001).

should be without prejudice. "Dismissals for lack of jurisdiction should generally be without prejudice." *Torres-Fuentes v. Motorambar, Inc.*, 396 F.3d 474, 475 (1st Cir. 2005). The exception is in cases where "the jurisdictional defect is incurable." *United States ex rel. Poteet v. Bahler Med., Inc.*, 619 F.3d 104, 115 (1st Cir. 2010). The jurisdictional defect in this case is the plaintiff's apparent failure to present his claim to FPS. Because the two-year window for the plaintiff to present his claim has not yet closed, the plaintiff could still present the claim to FPS and thus cure the jurisdictional defect. *See* 28 U.S.C. § 2401(b).

There remains one wrinkle to consider. The defendant notes that "[t]he FTCA 'specifically bars claims for "libel, slander" and "interference with contract rights" against the United States,'" including claims for defamation and tortious interference. (Dkt. No. 35) (quoting *Breda v. McDonald*, 153 F. Supp. 35 496, 505 (D. Mass. 2015). To the extent that the plaintiff raises any such claims, sovereign immunity will bar jurisdiction over them even if he presents them in writing to FPS. However, the plaintiff only sets forth two claims in his complaint: assault and battery and "lying on federal documents." (Dkt. No. 1). The legal basis for the latter claim is ambiguous at best. The defendant may be correct in characterizing it as a claim "for defamation, misrepresentation, or interference with contractual rights." (Dkt. No. 34). At this juncture, though, the court

cannot determine what cause of action "lying on federal documents" entails in the context of this complaint.  Given this lack of clarity, it is possible that the claim is for something other than defamation, misrepresentation, or interference with contractual rights, in which case it would not be barred by the FTCA.  The court need not and should not decide this issue now.

For the foregoing reasons, the court ALLOWS the defendant's motion to dismiss and dismisses the case without prejudice.


So ordered.                        /s/ Donald L. Cabell
                                   DONALD L. CABELL, U.S.M.J.

DATED:  December 28, 2022